IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BARBARA SMITH, ET AL. | * | |
| | * | |
| **Plaintiffs/Counter-Defendants** | * | |
| | * | |
| v. | * | **Case No.: 1:16-cv-00554-RBW** |
| | * | |
| MARTIN J. A. YEAGER, ET AL. | * | |
| | * | |
| **Defendants/Counter-Plaintiffs** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

## PLAINTIFFS/COUNTER-DEFENDANTS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER VENUE

Plaintiffs/Counter-Defendants, Barbara Smith and Clarence A.D. Gasby (erroneously sued as "Clarence Dan Gasby"), file this Response in Opposition to Defendants' Motion to Transfer Venue, and in support therefore respectfully state as follows:

## I.     INTRODUCTION.[1]

This is a legal malpractice action.  The individual Defendants are attorneys admitted to practice law in the District of Columbia.  The Plaintiffs' claims relate to representation provided to them by the Defendants in the Superior Court of the District of Columbia with respect to a landlord/tenant matter relating to a property in the District of Columbia.  *See* Complaint generally.  The primary basis raised by the defense to transfer this matter to Virginia is a permissive venue provision contained in a fee agreement that was not signed by the Plaintiffs or entered into by the Plaintiffs.  In terms of secondary basis raised by the defense (i.e., convenience and justice), it is clear that the "case within a case" component of a legal malpractice claim establishes that convenience and justice weigh in favor of the Plaintiffs.  The

---

[1] For clarity, the Plaintiffs/Counter-Defendants Barbara Smith and Clarence A.D. Gasby will hereinafter be referred to as "Plaintiffs."  Likewise, Defendants and Defendants/Counter-Plaintiffs will be referred to as "Defendants".

Plaintiffs, therefore, respectfully request that this Honorable Court enter an Order denying the Defendants' Motion to Transfer Venue.

**II.      RELEVANT FACTS.**

Plaintiffs filed this instant legal malpractice action on or about January 22, 2016 in the Superior Court of the District of Columbia, alleging that Defendants failed to adequately defend Plaintiffs during their commercial eviction proceedings in the Land-lord Tenant Branch of the Superior Court of the District of Columbia.   Defendants, through counsel, filed a notice of removal with this Honorable Court on or about March 23, 2016.    ECF Doc. No. 1. Subsequently, Defendants filed their Answer to Plaintiffs' Complaint on or about March 29, 2016.  ECF Doc. No. 5.  Also on March 29, 2016, certain Defendants submitted themselves to the jurisdiction of this Honorable Court by filing their Counterclaim.   ECF Doc. No. 6. Subsequently, Defendants then filed this instant Motion to Transfer Venue on April 11, 2016, ECF Doc. No. 7, and Plaintiffs filed their Answer to Defendants' Counterclaim on April 19, 2016.  ECF Doc. No. 8.

**III.      LEGAL STANDARD.**

28 U.S.C. § 1404(a) permits a change of venue "for the convenience of parties and witnesses, [and] in the interest of justice." 28 U.S.C. §1404(a).  In seeking a change of venue, the moving party bears the burden of showing that a transfer is appropriate.  *Montgomery v. STG Int'l, Inc.*, 532 F.Supp2d 29, 32 (D.D.C. 2008).  For transfer to be appropriate, a moving party must make two showings: first, that the action could have been brought in the sought-after district; and second, that the considerations of convenience and the interests of justice weigh in favor of transfer.  *Pueblo v. Na''l Indian Gaming Comm'n*, 731 F. Supp. 2d 36, 39 (D.D.C. 2010).  As more fully explained below, Defendants fail to provide sufficient justification to

support their request to transfer this matter to the United States District Court for the Eastern District of Virginia.

## IV.     ARGUMENT.

Defendants' instant motion fails for the simple reason that they have failed to provide sufficient justification to warrant a venue change.  As inadequate support, Defendants assert a forum selection clause contained within their representation agreement, as well as a self-serving analysis of the § 1404 transfer factors.  However, Defendants' asserted reasons, when fully examined with proper authority, fail to justify a transfer, and Defendants' instant Motion to Transfer Venue should be denied.

A.     Defendants, by filing a counterclaim have submitted themselves to the jurisdiction of this Honorable Court, and should be estopped from seeking a venue change.

In short, by the filing of their Counterclaim against Plaintiffs, Defendants have submitted themselves to the jurisdiction of this Honorable Court, and should be deemed to have waived their ability to seek a transfer.  Indeed, in this District, precedent requires this Honorable Court deny Defendants' Motion.

In *Hook v. Ackerman*, this Honorable Court held that an involuntary plaintiff, after having answered the original plaintiff's complaint and filing objections to venue and jurisdiction, could not seek a venue transfer after having filed a counterclaim against the original plaintiffs.  98 F.Supp. 477 (D.D.C. 1951).  Per the court: "In such a case the party submits himself to the jurisdiction of the court, and therefore the motion to dismiss based upon argument going to the venue and jurisdiction is overruled."  *Id.*; *see also Liberty Mut. Ins. Co. v. Horton,* 275 F.2d 148, 153 (5th Cir. 1960), aff'd, 367 U.S. 348, 81 S. Ct. 1570, (1961) ("An involuntary plaintiff who filed an answer seeking affirmative relief against plaintiffs by way of counterclaim submitted to the jurisdiction of the court and waived objection to venue.").

Though the facts of *Hook* differ from those in the instant case, *i.e.*, seeking a transfer of venue under 12(b)(3) verses a transfer under § 1404, the sound principle underlying the decision remains the same: the filing of the counter-claim evidences the Defendants' voluntary submission to venue in the District of Columbia. To be sure, the Federal Rules did not require that Defendants submit to venue in this District prior to the filing of their instant Motion to Transfer. Stated alternatively, Defendants could have waited until after they received a ruling on a motion to transfer venue prior to filing an Answer to Plaintiffs' Complaint and Counterclaim. They did not do so, and have instead consented to litigation with this Honorable Court. Accordingly, Plaintiffs respectfully request that this Honorable Court deny Defendants instant Motion to Transfer Venue on that basis alone.

B.     Plaintiffs are not bound by the terms of the Representation Agreement.

Defendants first assert that this matter must be transferred to the United States District Court for the Eastern District of Virginia because Plaintiffs have "consented" to venue only in the courts of Alexandria, Virginia via the terms of agreement Representation Agreement attached to Defendants' motion. In support thereof, Defendants point to the subject Representation Agreement and assert that Plaintiffs orally requested that Defendants represent them individually on the same terms. The Defendants have not produced a representation agreement wherein the Plaintiffs are identified as parties, let alone a representation agreement executed by the Plaintiffs. In particular, the Representation Agreement is entered into between Land, Carroll & Blair, P.C. and La Femme Noire D.C. Incorporated d/b/a B Smith's Restaurant. Three of the four Defendants are not even identified parties to the Representation Agreement. Most importantly, paragraph 15 of the Representation Agreement states: "[t]his Agreement may not be modified except by a writing signed by each party." The Defendants have not produced any such signed

writing.  The Defendants drafted the Retainer Agreement and the no oral modification clause, but now request that this Honorable Court orally modify that same agreement.

The Defendants try to overcome the logical inconsistency of enforcing a contractual provision against a non-party to a contract by asserting that Plaintiff Gasby alone (not Plaintiff Smith) orally requested that the Defendants "represent them in their individual capacity under the same terms and conditions we had been representing La Femme Noir DC, Inc."  Even if this Honorable Court overlooked the unlikely nature of an individual client stating that the attorney should represent them "under the same terms and conditions," there is no contention that Plaintiff Smith ever personally made such a request or that Plaintiff Gasby had authority to bind her to such an agreement.  Nevertheless, Plaintiff Gasby denies that such a conversation ever took place.  Moreover, Plaintiff Gasby asserts that he never signed a Representation Agreement with the Defendants.  *See* Exhibit A.  Indeed, Plaintiffs did not see the terms of this representation agreement prior the filing of this instant suit.  *Id*.  As such, Plaintiffs cannot be said to have "consented" to terms that they clearly did not agree to or know of.  Plaintiffs respectfully request that this Honorable Court specifically recognize that Defendants do not assert that a Representation Agreement exists with Plaintiffs' signatures, and therefore "consent," nor do Defendants' supporting affidavits specifically note that Plaintiffs were specifically made aware of the subject forum selection clause.

Defendants have not met their threshold burden of alleging that Plaintiffs are bound by the terms of the subject Representation Agreement.  Therefore, Plaintiffs respectfully request that this Honorable Court deny Defendants' instant Motion to Transfer Venue.

C.      The venue clause is permissive and not binding upon the parties.

Even assuming that the Plaintiffs are bound by the terms of the Representation Agreement, Defendants fail to meet their burden, as the instant venue provision is permissive and non-binding. Therefore, Defendants cannot rely upon the terms of the representation agreement as a basis for transferring this matter.

In a diversity case, a forum selection clause carries a presumption of enforceability that can be overcome with a sufficient showing. *Worldwide Network Services, LLC v. DynCorp Intern.*, 496 F.Supp.2d 59, 62 (D.D.C. 2007). A mandatory forum selection clause requires language clearly establishing exclusive jurisdiction and venue, to the exclusion of all others. *Byrd v. Admiral Moving and Storage, Inc.*, 355 F.Supp.2d 234 (D.D.C. 2005). On the contrary, a permissive jurisdiction clause provides only that jurisdiction and venue will be proper in a designated forum. *Id.* Based upon this Honorable Court's prior holdings, there can be little doubt that Defendants' forum selection clause merely designates Virginia as a permitted venue.

In total, Defendants' asserted forum selection clause reads as follows:

> **Controlling Law, Jurisdiction and Venue.** This Agreement shall be deemed to have been entered into in the City of Alexandria, Virginia regardless of the circumstances of endorsement and/or delivery. The Agreement shall be construed and enforced under the laws of the Commonwealth of Virginia. <u>You hereby consent to the jurisdiction of the courts of the Commonwealth of Virginia and to venue in the courts of the City of Alexandria, Virginia for purposes of resolving any disputes between the parties.</u>

*See* Exhibit B (underline added). Noticeably missing from the aforementioned clause is <u>any</u> language that would prohibit venue in any other venue except for the City of Alexandria, Virginia. Rather, the forum selection clause merely stipulates that the parties consent to suit if the suit is brought in that jurisdiction. As such, it is not mandatory, and therefore does not require this Honorable Court transfer this case to the Eastern District of Virginia.

On numerous occasions, this Honorable Court has recognized that non-mandatory forum selection clauses such as Defendants' do not require a transfer of venue.  In *Byrd v. Admiral Moving & Storage, Inc.*, this Honorable Court reviewed a forum selection clause that read: "Notice: In the event of any litigation arising hereunder or out of the relationship between the shipper and the carrier, the parties specifically agree that venue shall lie in Broward County, Florida."  355 F. Supp. 2d 234, 238 (D.D.C. 2005).  Judge Huvelle, writing for this Honorable Court held that the forum selection clause was permissive, and therefore did not require a transfer:

> Just because the contract establishes that venue lies in Florida does not mean that it cannot also lie elsewhere, as is the case here…As in *Hunt*, the clause is permissive rather than mandatory; it does not state that venue 'shall ONLY lie' in Broward County, Florida.  Thus, although this suit could have been brought in Florida, it may also be brought anywhere else where venue lies.  Because venue exists in this jurisdiction, plaintiff's suit may proceed in this Court.

*Id.* at 238-39.  Moreover, Judge Huvelle's opinion in *Byrd* was cited with approval by Judge Kessler of this Honorable Court in *Cynergy Systems, Inc. v. Bright School, Inc.*, 656 F.Supp.2d 150 (D.D.C. 2009).  In *Cynergy*, Judge Kessler found that the forum selection clause that stated the parties "shall submit" to California jurisdiction was permissive and therefore not binding.  *Id.* at 152 ("Section 16 fails to include any language conferring exclusive venue in the Federal or State courts in California, and as such is more properly read as a permissive clause that does not prevent venue from lying in this Court.").  Like those in *Byrd* and *Cynergy*, Defendants' forum selection clause only arguably prevents any parties to that agreement from objecting if suit is brought in a court in the City of Alexandria; it does not prevent venue from properly lying elsewhere.  As such, Defendants are not due a transfer of venue and Plaintiffs respectfully request this Honorable Court deny Defendants Motion to Transfer Venue.

D.    The balance of 28 U.S.C. § 1404 considerations requires a denial of Defendants'
      motion to transfer.

Since Defendants' forum selection clause is non-binding, this Honorable Court's analysis is guided by the standard § 1404 factors.  Though Defendants provide a partial analysis of the appropriate factors, said analysis is incomplete and fails to examine all aspects of the claims and circumstances giving rise to this lawsuit.  As set forth below, a complete examination of the § 1404 factors requires Defendants' instant Motion to Transfer Venue to be denied.

A transfer pursuant to § 1404(a) is restricted to a venue where the action "might have been brought."  *Robinson v. Eli Lilly & Co.*, 535 F.Supp.2d 49, 51 (D.D.C. 2008).  If venue in the defendants proposed district would be proper, a court then "must weigh in the balance the convenience of the witnesses and those public-interest factors of systemic integrity and fairness that, in addition to [the] private concerns, come under the heading of the interest of justice." *Stewart v. Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30, 108 S.Ct. 2239 (1988).  A plaintiff's choice of forum is entitled to deference, and the moving party carries the burden of demonstrating that a transfer is warranted.  *Schmidt v. American Institute of Physics*, 332 F.Supp.2d 28, 33 (D.D.C. 2004).

The public factors to assess include "(1) the local interest in making local decisions about local controversies, (2) the potential transferee court's familiarity with applicable law, and (3) the congestion of the transferee court compared to that of the transferor court."  *Demery v. Montgomery Cnty., Md.*, 602 F.Supp.2d 206, 210 (D.D.C. 2009).  The private factors to assess include (1) the plaintiff's choice of forum, (2) the defendant's choice of forum, (3) where the claim arose, (4) the convenience of the parties, (5) the convenience of the witnesses, particularly if important witnesses may actually be unavailable to give live trial testimony in one of the districts, and (6) the ease of access to sources of proof.  *Id.*  "Because it is perhaps impossible to

develop any fixed general rules on when cases should be transferred, the proper technique to be employed is a factually analytical, case-by-case determination of convenience and fairness." *U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 771 F. Supp. 2d 42, 45 (D.D.C. 2011) (internal notations omitted).  A forum selection clause's designated forum is only binding upon a court's § 1404 transfer analysis if the clause is mandatory, valid, and enforceable.  *Atlantic Marine Const. Company, Inc. v. U.S. Dist. Court for Western Dist. Of Texas*, 134 S.Ct. 568 (2013).  In cases where the forum selection clause is not mandatory, valid, and enforceable, the court is guided by the standard § 1404 analysis.  *Id.*  As explained above, Defendants' asserted forum selection clause is not mandatory, valid, and enforceable, and therefore this Honorable Court's analysis is guided strictly by 28 U.S.C. § 1404.  However, even after examining the appropriate factors for a § 1404 analysis, set forth in detail below, Defendants have failed to meet their burden to warrant a transfer of this matter.

**1.      The local interest in making local decisions about local controversies.**

Under this factor, the District of Columbia remains the appropriate venue to litigate this matter.  It is without dispute that that the original harm complained of in this action (legal malpractice) occurred as a result of acts or omissions made in the Landlord Tenant Branch of the Superior Court of the District of Columbia.  As such, District of Columbia Courts have a greater interest than Virginia courts in litigating a District of Columbia legal malpractice action.

Indeed, it is not Virginia law that Defendants' errors will be scrutinized under, but D.C. law.  Though Defendants argue that Virginia law applies to this entire action (based on an agreement that has not been entered into between the parties to this action), Defendants ignore the clear language of their Representation Agreement: "The Agreement shall be construed and enforced under the laws of the Commonwealth of Virginia."  Plaintiffs' claims do not originate as a result of the Representation Agreement, but as a result of Defendants' duties as members of

the District of Columbia Bar.   Therefore, while any legal challenge of the Representation
Agreement is analyzed under Virginia law, a legal malpractice action brought under District of
Columbia law is an action sounding in tort – not in a breach of contract.   *Dalo v. Kivitz*, 596 A.2d
35, 41 (D.C. 1991) ("As with any tort action, legal malpractice liability is predicated on a finding
that the injury was proximately caused by the breach of duty.").

Moreover, even if Virginia law applies to the claims made by both parties, it is well
established that Virginia follows the doctrine of *lex loci delicti*, and therefore District of
Columbia law will still apply.   *See Jones v. R.S. Jones & Associates, Inc.*, 246 Va. 3, 5, 431
S.E.2d 33, 34 (1993) ("We said that we would adhere to the *lex loci delicti*, or place of the
wrong, standard that had been "the settled rule in Virginia.").   Therefore, regardless of which
Court presides over this matter, said Court will have to be familiar with District of Columbia
law.   Logically, this Honorable Court is in the best position to do so.   This factor counsels a
denial of Defendants' Motion to Transfer.

### 2.        The potential transferee court's familiarity with applicable law.

As with the foregoing factor, this Honorable Court is best suited to preside over this
matter, as this Court is more familiar with District of Columbia law than the United States
District Court for the Eastern District of Virginia.   Even if Defendants' claims are analyzed
under Virginia law, this Honorable Court remains the most appropriate.   Contract principles,
unlike legal malpractice nuances, are fairly standard among the differing states.   Therefore, it is
unlikely that this Honorable Court will face the same hardships in comprehending Virginia
contract law as a Virginia court will face in comprehending District of Columbia legal
malpractice law.   As a result, this factor counsels a denial of Defendants' Motion to Transfer.

### 3.   The congestion of the transferee court compared to that of the transferor court.

The Plaintiffs reasonably believe that the United States District Court for the District of Columbia and the United States District Court for the Eastern District of Virginia are both inundated with new civil filings in any given year.   Given their reasonably close geographic proximity, the Plaintiffs reasonably believe that the number of filings in both jurisdictions are arguably comparable to one another.   The Plaintiffs assert, therefore, that the congestion of the transferee court is likely comparable to that of the transferor court under these circumstances.[2] As a result, Plaintiffs respectfully assert that the balance of congestion between this Honorable Court and the United States District Court for the Eastern District of Virginia remains equal.

### 4.   The plaintiff's choice of forum.

Since Plaintiffs have chosen to file their suit within the District of Columbia, and the District of Columbia has a meaningful relation to Plaintiffs' claim, Plaintiffs' choice is entitled to deference and venue should remain with this Honorable Court.   *See U.S. ex rel. Westrick v. Second Chance Body Armor, Inc.*, 771 F. Supp. 2d 42, 47 (D.D.C. 2011) ("A plaintiff's choice of forum is entitled to deference, unless that forum has no meaningful relationship to the plaintiffs' claims or to the parties.").   As a result, this factor counsels a denial of Defendants' Motion to Transfer.

### 5.   The defendant's choice of forum.

Moreover, as touched upon above, Defendants have consented to this forum by the filing of their counterclaim.   Even if this Honorable Court disagrees that Defendants have not consented to this venue, Defendants' requested forum is not easily discarded simply because

###############   #############################   ##########
[2] Per statistics released by the Administrative Office of the U.S. Courts on behalf of the Federal Judiciary, the United States District Court for the District of Columbia received 2,067 new civil filings in the 2013 and 2,218 in 2014.   Conversely, the United States District Court for the Eastern District of Virginia received 3,362 new civil filings in 2013 and 3,322 in 2014.   *See* "Civil Cases Filed, Terminated, and Pending," Federal Judicial Caseload Statistics, March 31, 2014.

Defendants wish to litigate in a court a few miles closer to their home offices.  *See Id.* ("The individual defendants carry a weighty burden to demonstrate that the plaintiffs' forum choice should be disturbed in favor of the individual defendants' choice.").  Accordingly, this factor also counsels in the denial of Defendants' Motion to Transfer.

### 6.       Where the claim arose.

Clearly, this Plaintiffs' claims arose in the District of Columbia.  As explained above, District of Columbia law will likely be applied in whatever court presides over this matter.  "It is only when most of the relevant events occurred elsewhere that deference to the plaintiff's choice of forum is weakened."  *Aftab v. Gonzalez*, 597 F.Supp.2d 76, 80 (D.D.C. 2009).

### 7.       The convenience of the parties, witnesses, and access to proof.

"Unless all parties reside in the selected jurisdiction, any litigation will be more expensive for some than for others."  *Kotan v. Pizza Outlet, Inc.*, 400 F.Supp.2d 44, 50 (2005). "The party requesting the transfer should provide documented proof of financial hardship."  *U.S. ex rel. Westrick*, 771 F. Supp. 2d at 48.  "Thus, for this factor to weigh in favor of the transfer, litigating in the transferee district must not merely shift inconvenience to the plaintiffs, but rather should lead to an overall increase in convenience for the parties."  *Id.*

A transfer of this matter to Alexandria will merely allow the Defendants the convenience of a shorter drive to the courthouse.  That shorter drive will then result in a longer drive for Plaintiffs, as they will have to drive out of the District of Columbia to the City of Alexandria. Plaintiffs respectfully assert that since no overall increase in convenience occurs – as this matter will be tried in the D.C. Metro area under any scenario – Defendants have failed to meet their burden.

"When considering the convenience of witnesses, a court must pay particular attention to whether important witnesses will be available to give live trial testimony."  *U.S. ex rel. Westrick*

*v. Second Chance Body Armor, Inc.*, 771 F. Supp. 2d 42, 48-49 (D.D.C. 2011).  In either venue – District of Columbia or City of Alexandria, potential witnesses will be required to travel from either New York or some other location outside the City of Alexandria.  Plaintiff respectfully asserts that the close geographical proximity between the City of Alexandria and the District of Columbia causes Defendants only a negligible (if any) burden of convenience.  Indeed, it seems counter-intuitive that Defendants can travel into the District of Columbia to litigate Plaintiffs' underlying matter, but now find that burden to great to traverse when they are Defendants in the action.

As mentioned immediately above, the close nature of the City of Alexandria and the District of Columbia poses no unreasonable burden on the parties in obtaining their sources of proof.  Should this case remain before this Honorable Court, Defendants will be required to travel a mere additional 10 miles across the Potomac River.  Moreover, in terms of proving the underlying case in this legal malpractice matter, the Plaintiffs will likely need to call non-party witnesses located within the District of Columbia as this matter relates to a case litigated in the District of Columbia that related to a premises leased in the District of Columbia.  The totality of the convenience factors counsels that Defendants Motion to Transfer should be denied.

## V.    CONCLUSION.

For the foregoing reasons, Defendants have failed to meet their burdens required to justify a transfer of this matter.  Accordingly, Plaintiffs respectfully request that this instant Motion to Transfer be denied.

Respectfully submitted:

**HENDERSON LAW, LLC**


_____/s/ WPH_____
Wes P. Henderson (Bar No. 502935)
2140 Priest Bridge Court, Suite 6
Crofton, Maryland 21114
T: (410) 721-1979
F: (410) 721-2258
wph@hendersonlawllc.com

and

**WHITWORTH SMITH, LLC**


_____/s/ DGW_____
David G. Whitworth, Jr. (Bar No. 224139)
839 Shore Drive
Edgewater, MD 21037
T: (301) 261-0035
F: (301) 261-0114
dwhitworth@wslegalmal.com

Attorneys for Plaintiffs/Counter-Defendants

Dated: April 25, 2016

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of April, 2016, a copy of the foregoing Answer to Defendants' Counterclaim and Demand for Jury Trial, which was electronically filed in this case on this 25th day of April, 2016, was delivered via ECF notice and mailed via first class mail, postage prepaid, to the following:

David D. Hudgins, Esq.
Hudgins Law Firm
515 King Street, Suite 400
Alexandria, VA 22314

Counsel for Defendants Martin J.A. Yeager and
Mid-Atlantic Commercial Law Group, PLLC, and
Defendants/Counter-Plaintiffs Gregory T. Dumont
And Land, Carroll & Blair, P.C.


_____/s/ WPH_____
Wes P. Henderson